IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GREGORY ALLEN II, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> **Commissioner of Social Security,** ) <br> ) <br> **Defendant.** ) <br> _____ ) | **CIVIL ACTION** <br><br> No. 10-2669-JWL |

**MEMORANDUM AND ORDER**

Plaintiff filed a Complaint on December 13, 2010 seeking judicial review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). (Doc. 1). Before answering the Complaint, the Commissioner filed a "Motion for Summary Judgment" with a memorandum in support, seeking "judgment against the Plaintiff because his complaint was not filed within the statute of limitations set forth in 42 U.S.C. § 405(g)." (Docs. 8, 9) (hereinafter Comm'r Mot., Comm'r Mem., respectively). Plaintiff has not responded to the Commissioner's motion and the matter is now ripe for decision. After considering the memorandum and the exhibits submitted by the Commissioner, the court finds that it

is without subject matter jurisdiction, and ORDERS that the case shall be DISMISSED accordingly.

## Discussion

In his motion, Defendant stated that the "case should be dismissed as untimely filed," (Comm'r Mot. 1), and argued in his memorandum: that "The Commissioner seeks dismissal of this case because Plaintiff's complaint was not filed within the statute of limitations set forth in 42 U.S.C. § 405(g)," (Comm'r Mem. 1); that "Plaintiff's complaint should be dismissed as it was filed outside of the statutory period provided for under Sections 205(g) and 1383(c)(3)," id. at 5; that there are no circumstances to justify equitable tolling, id. at 5-6; and that "the Commissioner's motion for summary judgment should be granted and this case should be dismissed." Id. at 7. In the circumstances, the court finds that the Commissioner's motion for summary judgment shall be construed and handled as a motion to dismiss for failure to exhaust administrative remedies. Because Plaintiff has not timely responded to the Commissioner's motion, it shall be considered and decided as an uncontested motion in accordance with Local Rule 7.4(b).

The jurisdiction of a federal court to consider the subject matter of a complaint relating to a decision of the Commissioner of Social Security is prescribed by statute. 42 U.S.C. §§ 405(g, h).

> By statute, federal courts have jurisdiction to review "any final decision of the Commissioner." 42 U.S.C. § 405(g); see also § 405(h) ("No findings of fact or decision of the Commissioner ... shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). Because the term "final decision" is not defined in the statute, "its meaning is left to the

> [Commissioner] to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 766, 95 S. Ct. 2457, 45 L. Ed. 2d 522 (1975). Under the regulations, a decision of the Commissioner is not "final" for jurisdictional purposes unless the claimant first exhausts his administrative remedies. 20 C.F.R. §§ 404.900(a), 416.1400(a); see Marshall v. Shalala, 5 F.3d 453, 455 (10th Cir.1993); see also Califano v. Sanders, 430 U.S. 99, 102, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977) ("The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner]....").

Allred v. Social Sec. Admin., 315 Fed. Appx. 74, 75 (10th Cir. 2009).

The Commissioner cites a case decided by this court in 2003 for the proposition that 42 U.S.C. § 405(g) provides a sixty-day statute of limitations for filing a complaint in the district court after notice of the Commissioner's decision. (Comm'r Mem. 4) (citing Berry v. Barnhart, No. 02-2289-JWL, 2003 WL 1906394 * 2 (D. Kan. April 18, 2003)). As the Commissioner argues, § 405(g) provides a sixty-day statute of limitations, and as such, it is subject to equitable tolling, and may be waived by the Commissioner. Berry, 2003 WL 1906394 at * 3 (citing Salfi, 422 U.S. at 763-64). There is no indication the Commissioner has waived the limitations period here, and indeed it is clear the Commissioner has not waived the limitation because he moved to dismiss for failure to meet the limitations period.

As the Commissioner concedes, the notice whereby the Appeals Council denied Plaintiff's request for review is dated September 29, 2010, provides that Plaintiff will have 60 days after receipt of the notice to file a complaint in the district court, and states a presumption that Plaintiff received the notice "5 days after the date on [the notice] unless you show us that you did not receive it within the 5-day period." (Comm'r Mem., Attch.

3

1, pp.29-31). Moreover, the notice provides that Plaintiff may ask the Appeals Council for additional time to file the case in the district court. Id. at 30. The Commissioner provides evidence that Plaintiff did not seek additional time from the Appeals Council. Id. Attch.1 p.3. Moreover, Plaintiff has not demonstrated that he did not receive the notice within the 5-day period. Therefore, as the Commissioner asserts, Plaintiff had sixty days, until December 3, 2010 to file his complaint with the district court. Since the complaint was filed December 13, 2010, Plaintiff's complaint was untimely.

Consequently, the case should be dismissed, unless the court finds that equitable tolling is appropriate. The court finds no basis for equitable tolling in the circumstances presented here, and declines to apply the doctrine. See United States v. Clymore, 245 F.3d 1195, 1198 (10th Cir. 2001) ("[T]he application of equitable doctrines rests in the sound discretion of the district court.").

> A claimant is excused from the exhaustion requirement if (1) full exhaustion would be futile, (2) he has suffered irreparable harm, and (3) he states a colorable constitutional claim that is collateral to his substantive claim of entitlement to social security benefits. See Marshall, 5 F.3d at 455; see also Mathews v. Eldridge, 424 U.S. 319, 330-32, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).

Allred, 315 Fed. Appx. at 75. Here, Plaintiff has not responded to the Commissioner's motion, and the court discerns no basis to find a colorable constitutional claim in the facts of this case. As with the plaintiff in Berry, "Plaintiff does not argue, and the record does not suggest, that the circumstances here place plaintiff's case within 'the narrow group deserving of this special consideration.'" Berry, 2003 WL 1906394 at *3 (quoting

4

Montoya v. Apfel, No. 99-2156, 2000 WL 556582 *2 (10th Cir. May 8, 2000)). Plaintiff's complaint was untimely filed and the court lacks subject matter jurisdiction over his complaint. The Commissioner's motion to dismiss is, accordingly, granted.

**IT IS THEREFORE ORDERED** that the Commissioner's Motion for Summary Judgment (Doc. 8) is construed as a Motion to Dismiss, and the motion is GRANTED.

Dated this 9th day of March 2011, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**